IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GENEVIEVE SMITH

       Plaintiff,

v.

GENERAL NUTRITION CORPORATION

       Defendant.

CIVIL ACTION

NO.

## COMPLAINT

Plaintiff Genevieve Smith files this Complaint against Defendant General Nutrition Corporation, and in support thereof avers as follows:

### Jurisdiction and Venue

1. The jurisdiction of this Court is based upon 28 U.S.C. §1331, in that this Court has original jurisdiction over Count I which is based upon a law of the United States of America, the Age Discrimination in Employment Act, 29 U.S.C. § 621, ("ADEA").

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1392(b) in that Defendant has ongoing business operations in this District and a substantial part of the events giving rise to the claim occurred in this District.

3. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

4. Plaintiff has complied with the applicable administrative remedies by filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge no. 530-2012-00685, on November 25, 2011 and simultaneously filing a Charge with the Pennsylvania Human Relations Commission. (*See* Exhibit "A").

1

5.  Plaintiff has complied with the administrative remedies required by the ADEA by filing a charge with the EEOC on November 25, 2011, and then waiting a period of sixty (60) days prior to filing this action.

6.  Plaintiff intends to amend this Complaint and assert causes of action for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981(a) ("Title VII"); and for age and sex discrimination under the Pennsylvania Human Relations Act, 43 P. S. §955(a), et. seq., ("PHRA") upon receipt of applicable authority from the EEOC and PHRC.

## Parties

7.  Plaintiff Genevieve Smith ("Smith") is an individual who resides at 7 Quaker Hill Road, Levittown, PA 19057.

8.  Defendant General Nutrition Corporation ("GNC") maintains a principal place of business in the Commonwealth of Pennsylvania at 707 Neshaminy Mall, Space # 101, Cornwell Heights, PA 19020.

## Factual Background

9.  Plaintiff Smith is a 76 year-old female.

10. In February 1980, Plaintiff Smith began working for Defendant GNC and Smith was continuously employed for 31 years until November 1, 2011 when her employment was terminated.

11. At the time of her termination Smith was a Salesperson working at GNC's store located at the Neshaminy Mall in Bucks County, Pennsylvania. Smith earned $12.40 per hour plus a commission and during the year 2010 earned $35,598.80.

12.     Throughout Plaintiff Smith's employment with GNC she received many compliments from GNC customers for her superior customer service.

13.     On certain occasions Defendant GNC conducted "secret shopper tests" in which Plaintiff Smith always received high ratings.

14.     Defendant GNC also acknowledged Plaintiff Smith with numerous service awards and special recognition for her years of dedicated service. For instance, on February 1, 2010, Tom Dowd, Executive Vice President Store Operations & Development, acknowledged Smith's 30 years of service to GNC and presented her with a St. Regis crystal vase.

15.     Until July 13, 2011, throughout her career Plaintiff Smith worked 40 hours per week.

16.     Even though Smith worked 40 hours per week until July 13, 2011, Defendant GNC advised her that she was a "part-time employee" and GNC failed to pay Smith employment benefits, which it provides to full-time employees, such as health insurance, dental insurance and increased vacation time.

17.     In the year 2011, Plaintiff Smith was the only female employee at GNC's Neshaminy mall store and the only store employee over 40 years of age.

18.     In the year 2011, Norman Fabiano, approximate age 35 years old, became GNC Regional Sales Director for GNC Division 1 Region 2, the GNC territory which encompasses the Neshaminy Mall store.

19.     The vast majority of GNC Managers in Division 1, Region 2 ("the Territory") are young males.

20.     As of August 25, 2011, of the 22 GNC store managers in the Territory,

19 stores were managed by males, all of whom are between 25 and approximately 35 years old.

21. In addition, the vast majority of GNC Assistant Store Managers in the Territory and a majority of GNC salespersons in the Territory are males who are less than 40 years old.

22. GNC has a Progressive Disciplinary Process which has three steps: Oral Warning, Written Warning and Discharge.

23. GNC follows the Progressive Disciplinary Process "unless gross misconduct has occurred."

24. Under GNC policy, each formal warning must cover the specific job related problem, the employees understanding of the necessary course of corrective action and the timeframe to correct the action. Further, GNC managers are advised "Only after reasonable efforts are unsuccessful or the employee has committed a major violation of work rule should final disciplinary action be taken."

25. Prior to July 13, 2011, during her entire career at GNC Smith never received any warnings under GNC's Progressive Disciplinary Process.

26. On July 13, 2011, Defendant GNC Regional Sales Director Fabiano ordered Plaintiff Smith's work hours to be reduced from 40 hours per week to 24 hours per week.

27. When Plaintiff Smith's work hours were reduced she was not provided with any reasonable explanation for the reduction in her work hours.

28. The weekly work hours which were taken away from Plaintiff Smith were assigned to substantially younger male employees.

29.     On November 1, 2011, four months after Plaintiff Smith's work hours were reduced; Defendant GNC terminated Smith's employment.

30.     When Plaintiff Smith's employment was terminated she was advised that her employment was being terminated for poor work performance and that her "Last two weeks worth of numbers were below company standards."

31.     Following the termination of Plaintiff Smith's employment, Smith's weekly work hours were assigned to substantially younger male employees.

32.     The reasons proffered by Defendant GNC for the termination of Plaintiff Smith's employment are pretextual. Defendant was actually motivated by a practice and pattern of discriminating against employees based upon age and / or sex

33.     Defendant GNC's actions were willful and outrageous in that their motives and conduct as set forth above was malicious, wanton, reckless and oppressive.

## COUNT I

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U. S. C. §621, et. seq.

34.     Paragraphs 1 to 33 are incorporated herein by reference, as if set forth in full.

35.     Defendant GNC has discriminated against Plaintiff Smith on the basis of her age, in that when other substantially younger employees have been accused of conduct similar to Plaintiff, these younger employees have not been terminated. As such, Defendant has treated Plaintiff substantially different than other significantly younger employees and the termination of Smith's employment constitutes discrimination against Plaintiff Smith under the ADEA.

36.  Defendant GNC's decision to terminate Plaintiff Smith was arbitrary and capricious, and based upon Defendant's discriminatory animus towards older employees in the workplace.

37.  Defendant GNC's conduct is per se unlawful and constitutes unlawful age discrimination in violation of the ADEA.

WHEREFORE, Plaintiff Genevieve Smith requests that this Court enter judgment in her favor and against Defendant General Nutrition Corporation, and that this Court and award Plaintiff all damages available under the Age Discrimination in Employment Act, including monetary damages exceeding $150,000.00, in the form of all compensation and monetary losses, which she has been denied, including back pay, front pay and all other available damages sustained as a result of the unlawful termination including liquidated damages; reasonable attorneys' fees; expert witness fees; costs; pre-judgment interest; and any other relief which the court deems appropriate.

/S/ Andrew S. Abramson, Esq.
_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742

Attorney for Plaintiff Genevieve Smith

Dated: February 13, 2012

# EXHIBIT "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | 530-2012-00685 |

Pennsylvania Human Relations Commission and EEOC
*State or local Agency, if any*

| | |
|---|---|
| S.S. No. | XXXXXXXXXX |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Genevieve Smith | 267-470-4742 (my attorney, Andrew S. Abramson) |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 7 Quaker Hill Road | Levittown, PA 19057 | 1-20-1935 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER EMPLOYEES | TELEPHONE (Include Area Code) |
|---|---|---|
| General Nutrition Corporation | 1000+ | 215-357-9484 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 707 Neshaminy Mall, Space # 101, Cornwell Heights, PA 19020 | | Bucks |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| General Nutrition Corporation national headquarters: 300 Sixth Avenue, Pittsburgh, PA 15222 | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☒ AGE
☐ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| 7/13/11 | 11/1/2011 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

See Attachment "A."

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*Genevieve Smith*

*Genevieve Smith*
I declare under penalty of perjury that the foregoing is true and correct.
*Genevieve Smith*

Date: 11-20-2011
Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
11-20-2011

## ATTACHMENT "A"

Charging Party Genevieve Smith ("Smith") is a 76 year-old female. In February 1980, Smith began working for Respondent General Nutrition Corporation ("GNC"). Smith was continuously employed for 31 years until November 1, 2011 when her employment was terminated. At the time of her termination Smith was a Salesperson working at GNC's store located at the Neshaminy Mall in Bucks County, Pennsylvania. Smith earned $12.40 per hour plus a commission and during the year 2010 earned $35,598.80.

Throughout Smith's employment with GNC she received many compliments from GNC customers for her superior customer service. In addition, on certain occasions GNC conducted "secret shopper tests" in which Smith always received high ratings. GNC management also acknowledged Smith with numerous service awards and special recognition for her years of dedicated service to GNC. For instance, on February 1, 2010, Tom Dowd, Executive Vice President Store Operations & Development, acknowledged Smith's 30 years of service to GNC and presented her with a St. Regis crystal vase.

Throughout her career Smith worked 40 hours per week until July 13, 2011. Even though Smith was working 40 hours per week, Respondent GNC failed to pay Smith employment benefits which it provides to full-time employees, such as health insurance, dental insurance and increased vacation time.

In 2011, Charging Party Smith was the only female employee at GNC's Neshaminy mall store and the only store employee over 40 years of age. In 2011, Norman Fabiano (approximate age 35 years old) became GNC Regional Sales Director for GNC Division 1 Region 2, the GNC territory which encompasses the Neshaminy Mall store.

The vast majority of GNC Managers in Division 1, Region 2 ("the Territory") are young males. As of August 25, 2011, of the 22 GNC store managers in the Territory, 19 stores were managed by males, all of whom are between 25 and approximately 35 years old. In addition, the vast majority of the GNC Assistant Store Managers in the territory and a majority of GNC salespersons in the Territory are males who are less than 40 years old.

GNC has a "progressive disciplinary process" which has three steps: Oral Warning, Written Warning and Discharge. GNC follows the progressive disciplinary policy "unless gross misconduct has occurred." Under GNC policy, each formal warning must cover the specific job related problem, the employees understanding the necessary course of corrective action and the timeframe to correct the action. Further, GNC managers are advised "Only after reasonable efforts are unsuccessful or the employee has committed a major violation of work rule should final disciplinary action be taken."

Prior to July 13, 2011, during her entire career at GMC Smith never received any warnings under GNC "progressive disciplinary process." On July 13, 2011, GNC Regional Sales Director Fabiano ordered Smith's work hours to be reduced from 40 hours per week to 24 hours per week. Smith was not provided with any reasonable explanation for the reduction in her work hours. The weekly work hours which were taken away from Smith were assigned to substantially younger male employees.

Four months later, on November 1, 2011, GNC terminated Charging Party Smith's employment. Smith was advised that her employment was being terminated for poor work performance and that her "Last two weeks worth of numbers were below company standards."

Following the termination of Charging Party Smith's employment, Smith's weekly work hours were assigned to substantially younger male employees.

In reducing Charging Party Smith's work hours, terminating Smith's employment and replacing Smith with substantially younger male employees, Respondent GNC has discriminated against Smith based upon her age in violation of the Age Discrimination in Employment Act, 29 U. S. C. §621 and the Pennsylvania Human Relations Act, 43 P. S. 955(a) ("PHRA"), and also discriminated against Smith based upon her sex in violation of Title VII, 42 U. S. C. §2000e-2, and the PHRA.

## INFORMATION FOR COMPLAINANTS & ELECTION
## OPTION TO DUAL FILE WITH THE
## PENNSYLVANIA HUMAN RELATIONS COMMISSION

### Genevieve Smith v. General Nutrition Corporation

EEOC No.

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner, which could affect the outcome of your case.

Complaints filed with PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

[Sign and date appropriate request below]

I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

    I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C. S. §4904, relating to unsworn falsification to authorities.

_Genevieve Smith_  11-20-2011
Signature and Date